## CALDWELL v. MARTIN.

Where judgments are obtained against different persons for the same debt,
payment on one judgment will also operate as payment on the other.
But in this case the verdict and judgment (unappealed from) against
two parties to two notes established a separate liability as to each, and
a payment by one of his part of the judgment was not a payment on
the debt of the other party.

Before NORTON, J., Newberry, November, 1887.

The decree from which this appeal was taken, omitting its state-
ment, was as follows:

During the progress of the hearing before the referee, it was
proposed on the part of the plaintiff herein, to show the relation
subsisting between himself and his intestate in said judgment, for
the purpose of showing how the jury reached its verdict. The
referee ruled out the testimony and made a special report to the
court upon the proposed testimony, stating his ruling, which rul-
ing was affirmed by his honor, Judge Pressley. Before making
a report in the case, the referee removed from the county, and at
his own request was relieved from further service.

The case was then referred to the master, who has reported,
allowing the claim of George G. DeWalt as a judgment, over-
ruling the proposition taken before him, that the said payment

by Joseph Caldwell to the sheriff operated as a satisfaction of DeWalt's recovery against T. W. Caldwell. The proposition overruled by the master is reviewed in the exceptions by the several parties interested. The effort seems to have been made before the master also to show the relation subsisting between Joseph and T. W. Caldwell in the judgment. This I hold has been settled by Judge Pressley's order, and the exceptions on that point are overruled.

I sustain the exceptions upon the main proposition involved, that the payment by Joseph Caldwell operated as a satisfaction of DeWalt's recovery against T. W. Caldwell. The proposition is fully sustained by the authorities cited in its support. *Peters* v. *Barnhill*, 1 Hill, 234–236; *Davis* v. *Barkley*, 1 Bail., 140; *Noonan* v. *Gray*, *Ibid.*, 437; *Jones* v. *Kilgore*, 2 Rich. Eq., 63; *Lumpkin* v. *Ferguson*, 10 Rich., 424; *Freem. Judg.* (2d edit.), § 467; *Noble* v. *Cothran*, 18 S. C., 439.

It is therefore ordered and adjudged, that the report be modified in accordance with the views announced herein.

Other matters are sufficiently stated in the opinion.

*Messrs. Moorman & Simkins*, for appellant.

*Mr. Geo. S. Mower*, contra.

June 19, 1888.   The opinion of the court was delivered by

Mr. CHIEF JUSTICE SIMPSON.   The appellant, George G. DeWalt, prior to 1869, held two joint and several sealed notes on Joseph Caldwell and T. W. Caldwell—one signed by Joseph Caldwell and T. W. Caldwell, Joseph Caldwell being first; and the other by T. W. Caldwell and Joseph Caldwell, T. W. being first.   One of these notes, the first, was for $2,593.17, the other for $1,225.   DeWalt brought action upon these notes, and at the October term of the court, 1869 (Newberry), he obtained a verdict of which the following is a copy: "We find for the plaintiff in the sum of fourteen hundred and ninety-one dollars and twenty cents against the defendant, Joseph Caldwell, and in the sum of twelve hundred and four dollars and ninety-eight

cents against the defendant, T. W. Caldwell." Judgment was signed and entered in accordance with the verdict, November 6, 1869, to wit: against Joseph Caldwell for $1,491.20, and against T. W. Caldwell for $1,204.98, and also for $27.27 for plaintiff's costs and charges, amounting in the whole to $1,518.48, as stated in the judgment. Execution was issued, and on January 6, 1870, Joseph Caldwell paid to the sheriff the sum of $1,420.90, which was more than the amount recovered against T. W. Caldwell, interest and costs, taking a receipt from said sheriff as follows: "Recd. of Joseph Caldwell fourteen hundred and twenty 90–100 dollars in full of his part of the debt, interest, and all costs on this case."

T. W. Caldwell died in 1872, intestate, and the plaintiff here became administrator of the estate, who brought the action below to marshal the assets. Under a call for creditors DeWalt presented the judgment above against T. W. Caldwell, the intestate. The master, to whom the case was referred, reported, allowing the said judgment of DeWalt as the first claim against the estate, overruling the proposition urged before him, that the payment of Joseph Caldwell, *supra*, operated as a satisfaction of the judgment of DeWalt against T. W. Caldwell. Exceptions to this report were heard by his honor, Judge J. J. Norton, who sustained the main exception as to the payment of Joseph Caldwell extinguishing the entire judgment of DeWalt against T. W. Caldwell. From this decree DeWalt has appealed, raising the single question, that his honor erred in holding that the payment by Joseph Caldwell to the sheriff, as stated above, satisfied the recovery against T. W. Caldwell.

There is no doubt as to the correctness of the principle, that where judgments have been recovered against two or more persons upon the same debt, for the same amount, that a payment thereof by one will satisfy and extinguish the whole recovery, except as to the costs; and where the recovery is for a different amount, that the payment of the smaller amount will *pro tanto* operate as payment of the greater. The cases cited by his honor fully sustain this, to wit: *Davis* v. *Barkley*, 1 Bail., 140; *Noonan* v. *Gray*, *Ibid.*, 437; *Noble* v. *Cothran*, 18 S. C., 443; and others. And if it was clear that the two amounts found for De-

Walt by the jury in the action mentioned were based upon the same debt, then Joseph Caldwell's payment to the sheriff would operate as a payment upon the entire recovery, and it being in excess of the amount found against T. W. Caldwell, would extinguish it. And in such case the authorities cited by his honor would control.

But the vital question here is, were these two amounts, found by the jury, found for the same debt? If not, the authorities cited would have no application. It is true, the verdict rendered was an anomalous one, and also the judgment entered thereon, but there was no appeal nor any motion to have correction made; and we must consider it in the irregular form in which it was obtained and entered and now presented. It seems to us that the whole case must turn upon the construction of the verdict and the judgment; aided by the facts appearing in the case in which the verdict was found and the judgment entered up. We suppose it will be conceded that DeWalt originally held two notes on the Caldwells, each for a separate debt and for a separate amount. The action was brought on these two notes, copies being attached to the declaration. In one, Joseph Caldwell seemed to have been the principal, and T. W. Caldwell the surety, and in the other T. W. the principal and Joseph the surety, judging from the position of the respective signatures. The jury found separate amounts against each of these parties. We cannot conceive how this could have been done except upon the idea that these notes represented separate debts, upon one of which Joseph was primarily liable, and upon the other T. W. was liable, and the purpose of the verdict must have been to make each of the defendants individually liable for the sum which the jury regarded as the individual debt of each. Of course, this was irregular, and it might have been corrected at the time, but all parties acquiesced, and the judgment was entered accordingly.

In support of this view, the language of the receipt which Joseph Caldwell accepted from the sheriff at the time of his payment is significant: "In *full* of *his part* of the debt, interest, and all the costs." It is apparent from this that neither Joseph Caldwell nor the sheriff supposed at that time that the payment receipted for satisfied T. W. Caldwell's part of debt and interest.

We think the error below was not in the law laid down by his honor as a general principle but was in its application.

It is the judgment of this court, that the judgment below be reversed, in so far as the claim of DeWalt is concerned, and the case be remanded for such further proceedings as may be necessary.